LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C.  20002
Telephone (202) 514-0375
Facsimile (202) 514-8865

*Attorneys for Defendant*

ROBERT UKEILEY, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW R. WHEELER, in his official capacity as the Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Case No. 4:19-cv-01544-YGR <br><br> [~~PROPOSED~~] CONSENT DECREE |

WHEREAS, on March 26, 2019, the Center for Biological Diversity and the Center for Environmental Health (collectively, "Plaintiffs") filed the above-captioned matter against Andrew R. Wheeler, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA") (Dkt. No. 1);

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on October 17, 2006, pursuant to CAA section 109(a)(1), 42 U.S.C. § 7409(d)(1), EPA promulgated fine particulate matter, or "$PM_{2.5}$," National Ambient Air Quality Standards (the "2006 $PM_{2.5}$ NAAQS"), *Final Rule*, 71 Fed. Reg. 61,144 (Oct 17, 2006);

WHEREAS, on February 3, 2011, pursuant to CAA section 107(d), 42 U.S.C. § 7407(d), EPA designated the West Central Pinal: Pinal County (part) in Arizona as nonattainment for the 2006 24-hour $PM_{2.5}$ NAAQS, effective March 7, 2011. *Final Rule*, 76 Fed. Reg. 6056 (Feb. 3, 2011) (codified at 40 C.F.R. § 81.303) (hereinafter, the "West Central Pinal nonattainment area");

WHEREAS, on June 2, 2014, pursuant to CAA section 188(a), 42 U.S.C. § 7513(a), EPA classified the West Central Pinal nonattainment area as "Moderate" under CAA Part D, Subpart 4 for the 2006 24-hour $PM_{2.5}$ NAAQS, effective July 2, 2014. 79 Fed. Reg. 31,566 (June 2, 2014);

WHEREAS, pursuant to CAA section 188(c)(1), "[f]or a Moderate Area, the attainment date shall be as expeditiously as practicable but no later than the end of the sixth calendar year after the area's designation as nonattainment," i.e., December 31, 2017, 42 U.S.C. § 7513(c)(1);

WHEREAS, pursuant to CAA section 179(c)(1) "[a]s expeditiously as practicable after the applicable attainment date for any nonattainment area, but not later than 6 months after such date, the Administrator shall determine, based on the area's air quality as of the attainment date, whether the area attained the standard by that date," i.e., June 30, 2018. 42 U.S.C. § 7509(c)(1). "Upon making such determination," EPA must "publish a notice in the Federal Register

containing such determination and identifying each area that the Administrator has determined to have failed to attain," *id.* § 7509(c)(2);

WHEREAS, in Claim 1, Plaintiffs allege that EPA failed to determine if the West Central Pinal nonattainment area attained the 2006 24-hour $PM_{2.5}$ NAAQS by the attainment date of December 31, 2017, within six months, by June 30, 2018.  Compl. ¶¶ 27-31;

WHEREAS, on September 17, 2019, EPA determined that the West Central Pinal County nonattainment area attained the 2006 24-hour $PM_{2.5}$ NAAQS by December 31, 2017, the statutory attainment date for the area.  *Final Rule*, 84 Fed. Reg. 52,766, 52,770 (Oct.3, 2019).  Claim 1 is therefore moot;

WHEREAS, pursuant to CAA section 110(a)(2)(C), states must submit a state implementation plan ("SIP") that, inter alia, includes "a program to provide for the . . . regulation of the modification and construction of any stationary source within the areas covered by the plan as necessary to assure that national ambient air quality standards are achieved, including a permit program as required in parts C and D," 42 U.S.C. § 7410(a)(2)(C);

WHEREAS, on November 2, 2015, EPA issued a final rule including a limited disapproval identifying certain deficiencies in the "[Arizona Department of Environmental Quality ("ADEQ")] portion of the Arizona SIP that governs preconstruction review and the issuance of preconstruction permits for stationary sources, including the review and permitting of new major sources and major modifications under parts C and D of title I of the CAA as well as review of new and modified minor sources," *Final Rule*, 80 Fed. Reg. 67,319, 67,321 (Nov. 2, 2015) (effective Dec. 2, 2015);

WHEREAS, EPA subsequently approved a SIP submission from ADEQ addressing some, but not all, of the deficiencies with the ADEQ new source review ("NSR") program on which EPA's November 2, 2015 final limited disapproval action was based, *Final Rule*, 83 Fed. Reg. 19,631 (May 4, 2018);

WHEREAS, pursuant to CAA section 110(c)(1)(B), EPA must "promulgate a Federal implementation plan [("FIP")] at any time within 2 years after the Administrator--
. . . disapproves a [SIP] submission in whole or in part, unless the State corrects the deficiency,

and the Administrator approves the plan or plan revision, before the Administrator promulgates such [FIP]," 42 U.S.C. § 7410(c)(1)(B);

WHEREAS, in Claim 2, Plaintiffs allege that EPA has a mandatory duty to promulgate a FIP for Arizona addressing the remaining ADEQ NSR program deficiencies that were identified as the basis for EPA's November 2, 2015 final limited disapproval of the ADEQ NSR program SIP submission at 80 Fed. Reg. 67,319.  Compl. ¶¶ 33-36.  Plaintiffs allege that EPA was required to promulgate a FIP no later than December 2, 2017 to address the deficiencies listed in Table 1 of the Complaint, *id.* ¶¶ 24, 35-36 (hereinafter, "Table 1");

| Federal Regulation | Arizona's Rule |
|---|---|
| 40 C.F.R. §§ 51.160(a) and (b) | ADEQ rules do not ensure review of NAAQS in neighboring areas outside ADEQ permitting jurisdiction. |
| 40 C.F.R. §§ 51.160(a) and (b) | Add reference to "or maintenance" of a standard. |
| 40 C.F.R. § 51.160(b)(1) | Rule missing requirement to ensure sources must comply with all applicable portions of control strategy, similar to language in other portion of rules, *e.g.*, R18-2-306(A)(2). |
| 40 C.F.R. § 51.160(c) | R18-2-302.01 does not fully meet requirement to submit necessary information for ADEQ to review source.  In requiring sources to provide potential emissions the rules reference procedures for determining "actual" emissions and the referenced rule is not in the SIP and has not been submitted for SIP-approval. |
| 40 C.F.R. § 51.160(c)(1) | Rules allow some emissions units to be exempt from being included in applications for NSR purposes. |
| 40 C.F.R. § 51.160(d) | Registration rule missing provision that approval does not affect responsibility of owner/operator to comply with other requirements. |
| 40 C.F.R. § 51.160(f)(1) | Sources subject to registration program missing requirement to use Appendix W, when applicable. |
| 40 C.F.R. § 51.160(e) | Submittal did not include a sufficient basis for the program's minor NSR thresholds in nonattainment areas, must provide additional analysis or revise thresholds, as needed. |
| 40 C.F.R. § 51.160(e) | Submittal did not include basis for exemptions of certain agricultural sources and fuel burning equipment.  *See* [EPA's Technical Support Document] for the 2015 NSR action on page 27 for four specific issues to be addressed. |
| 40 C.F.R. § 51.160(e) | Submittal did not include basis for $PM_{2.5}$ permitting exemption threshold. |

| | |
|---|---|
| 40 C.F.R. § 51.161(a) | Submittal did not require public notice in all instances for permitting program. Federal rules do not allow for exemptions - including for disapprovals. Public notice is required for all sources defined under 40 C.F.R. § 51.160(e); clarification of the public notice procedures in R18-2-330 that apply to registrations is necessary; and program must require public notice for permit disapproval actions. |
| 40 C.F.R. § 51.161(a) | Elective limits for registrations need additional requirements to ensure enforceability, including technically accurate limit and the portion of the source subject to the limit, the time period over which the limit applies, and compilation of daily records if limit is not on a daily basis. |
| 40 C.F.R. § 51.161(d) | The registration portion of ADEQ's program needs to require notices to specific parties. |
| 40 C.F.R. § 51.163 | Submittal contained references to administrative procedures not included in SIP submittal (or existing SIP). |
| References to increment, as related to the PSD program. ADEQ corrected this issue in the rules associated with the April 2017 NSR submittal. However, there remain [ ] references that need to be submitted for rules R18-2-319 and 320; | |

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, in light of the duration of the period between the effective date of this Consent Decree (the "Consent Decree") and the deadline for EPA action agreed to below in Paragraph 1.b, the Decree includes a deadline for issuance of a proposed rule, *see* 5 U.S.C. § 553(b)-(c). Further, counsel for EPA will provide status reports to Plaintiffs by electronic mail or teleconference at a mutually agreeable time and date approximately every 90 days beginning 90 days after the effective date of this Consent Decree;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

1    WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to
2    resolve this matter without protracted litigation;
3    WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters
4    resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2),
5    42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant
6    to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and
7    WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree
8    is fair, reasonable, in the public interest, and consistent with the CAA;
9    NOW, THEREFORE, before the taking of testimony, without trial or determination of
10   any issues of fact or law, and upon the consent of Plaintiffs and EPA, it is hereby ordered,
11   adjudged and decreed that:
12   1. The appropriate EPA official shall:
13       a. sign a proposed rule proposing to approve a revised SIP submission, to
14   promulgate a FIP, or to approve in part a revised SIP submission and promulgate a partial FIP
15   for Arizona addressing the remaining deficiencies with ADEQ's NSR program identified in
16   Table 1 that were the basis for EPA's November 2, 2015 final limited disapproval of the ADEQ
17   NSR program SIP submission at 80 Fed. Reg. 67,319, no later than December 10, 2020; and
18       b. sign a notice of final rulemaking to approve a revised SIP submission, to
19   promulgate a FIP, or to approve in part a revised SIP submission and promulgate a partial FIP
20   for Arizona addressing the remaining deficiencies with ADEQ's NSR program identified in
21   Table 1 that were the basis for EPA's November 2, 2015 final limited disapproval of the ADEQ
22   NSR program SIP submission at 80 Fed. Reg. 67,319, no later than June 30, 2021.
23   2. EPA shall, within 15 business days of signature, send the rulemaking package for
24   each action taken pursuant to Paragraphs 1.a. and 1.b. of this Consent Decree to the Office of
25   the Federal Register for review and publication in the *Federal Register*.
26   3. After EPA has completed the actions set forth in Paragraphs 1.a. and 1.b. of this
27   Consent Decree, notice of each action required by Paragraph 1 has been published in the
28   *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has

been resolved, EPA may move to have this Decree terminated.  Plaintiffs shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

4. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA.  Any other provision of this Consent Decree also may be modified by the Court following the motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply.

5. If a lapse in EPA appropriations occurs within ninety (90) days prior to a deadline in Paragraphs 1.a. or 1.b. of this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 4.

6. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims in the Complaint.

7. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations.  These parties shall meet and confer in order to attempt to resolve the dispute.  If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

8. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedures set forth in Paragraph 7 have been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

9. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

10. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

11. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action taken pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal, or pursuant to CAA section 110(c), 42 U.S.C. § 7410(c), promulgating a FIP, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

12. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

13. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

14. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

15. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

16. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

17. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs:

>  Robert Ukeiley
>  Center for Biological Diversity
>  1536 Wynkoop St., Ste. 421
>  Denver, CO 80202
>  Tel: (720) 496-8568
>  Email: rukeiley@biologicaldiversity.org

| | | |
|---|---|---|
| For EPA: | | Leslie M. Hill<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>4 Constitution Square<br>150 M Street N.E., Suite 4.149<br>Washington D.C.  20002<br>Tel. (202) 514-0375<br>Email: leslie.hill@usdoj.gov |

18.  EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

19.  If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

20.  The undersigned representatives of Plaintiffs and EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

**IT IS SO ORDERED** on this 24th day of February, 2020.

                                          YVONNE GONZALEZ ROGERS
                                          UNITED STATES DISTRICT JUDGE

//
//
//
//

COUNSEL FOR PLAINTIFF:

/s/ Robert Ukeiley (email auth. 2/13/20)
ROBERT UKEILEY, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

Lauren Packard (Cal. Bar. #317774)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: 510-844-7100 x303
Fax: 510-844-7150
Email: lpackard@biologicaldiversity.org

Jonathan Evans (Cal. Bar #247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: 510-844-7100
Fax: 510-844-7150
Email: jevans@biologicaldiversity.org

*Attorneys for Plaintiffs*

COUNSEL FOR EPA:

/s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C.  20002
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

Stephanie L. Hogan
Office of General Counsel
U.S. Environmental Protection Agency

Julie K. Walters
Douglas M. Bushey
Office of Regional Counsel, Region IX
U.S. Environmental Protection Agency